```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ADRIAN POLANCO,

                Plaintiff,

vs.                            Case No.  2:10-cv-605-FtM-29DNF

CITY OF MARCO ISLAND, STEPHEN MARIANI, in his individual capacity,

                Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on the City of Marco Island's Motion to Dismiss Counts III and IV of the Amended Complaint (Doc. #22) filed on November 22, 2010. Plaintiff filed a response (Doc. #29) on December 13, 2010. In the Amended Complaint, plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983 (Counts I and II), Negligent Supervision of Police Force (Count III) and Negligent Training or Instruction of Police Force (Count IV). Defendant City of Marco Island asserts that Counts III and IV of the Amended Complaint should be dismissed because the City is entitled to sovereign immunity and because plaintiff has failed to state a claim.

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 93 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).

"To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id.

**II.**

Plaintiff alleges the following facts in the Amended Complaint: The City of Marco Island (City) is a municipal corporation organized and existing under the laws of the State of Florida. (Doc. #16, ¶6.) On February 16, 2008, Stephen Mariani (Mariani), an officer employed by the City's police department, arrested Adrian Polanco (plaintiff or Polanco) for disorderly

intoxication, resisting an officer with violence, and felony battery. Polanco and two other arrestees were handcuffed and placed in the backseat of a police cruiser. (Id., ¶ 10.) According to plaintiff, at some point prior to arriving at the booking facility, Mariani stopped the police cruiser, opened the backdoor and proceeded to punch and strike Polanco. Mariani then contacted his dispatcher and requested backup, claiming that the subjects he was transporting were combative, trying to escape and attempting to kick out the windows in the police cruiser. (Id., ¶¶ 12-13.) After backup arrived, Mariani deployed pepper spray into the vehicle, while all of the doors and windows were shut. (Id., ¶14.) Plaintiff denies that he was attempting to flee or evade arrest. He alleges that he was sitting handcuffed and defenseless, along with the other two arrestees, in the back seat of the police cruiser and that Officer Mariani acted maliciously and sadistically and for the purpose of causing harm. (Id., ¶¶ 18, 44-46.) Finally, Polanco alleges that he suffered physical and psychological injuries as a result. (Id., ¶19.)

## III.

Based upon Officer Mariani's actions, plaintiff asserts that the City is liable for negligent supervision (Count III) and negligent training or instruction of its police force (Count VI). The City responds that plaintiff has failed to plead sufficient

facts to support either state law claim and that both claims are barred by the doctrine of sovereign immunity.

### A.   Negligent Supervision (Count III)

"Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." Dep't of Envtl. Prot. v. Hardy, 907 So. 2d 655, 660-61 (Fla. 5th DCA 2005)(internal citations omitted). An employer "cannot knowingly keep 'a dangerous servant on the premises which defendant knew or should have known was dangerous and incompetent.'" Mercado v. City of Orlando, 407 F.3d 1152, 1162 (11th Cir. 2005)(citing Mallory v. O'Neil, 69 So. 2d 313, 315 (Fla. 1954)). The burden is on the plaintiff to show that the employer had notice of the "harmful propensities" of its employee. Willis v. Dade Cnty. Sch. Bd., 411 So. 2d 245, 246 n. 1 (Fla. 3d DCA 1982). Additionally, the employer's failure to investigate or take corrective action "must be the proximate cause of the plaintiff's harm," and there must be "a connection and foreseeability between the employee's employment history and the current tort committed by the employee." Hardy, 907 So. 2d at 660-61 (internal citations omitted).

Plaintiff has not alleged any facts to demonstrate that the City had notice that Officer Mariani had "harmful propensities" --

prior to the incident at issue here -- or was otherwise unfit to serve as a police officer.  Plaintiff, therefore, has failed to state a claim for negligent supervision.[1]  Count III will be dismissed.

Because the Court finds that plaintiff has failed to state a claim, it need not reach the defense of sovereign immunity.

**B.   Negligent Training or Instruction (Count IV)**

Under Florida law, an employer is liable in tort for reasonably foreseeable damages resulting from the negligent training of its employees and agents.  Lewis v. City of St. Petersburg, 260 F.3d 1260, 1265 (11th Cir. 2001)(citing McFarland & Son, Inc. v. Basel, 727 So. 2d 266 (Fla. DCA 1999)).  Here, plaintiff alleges that the City owed him a duty to properly train and instruct its police officers.[2]  Plaintiff alleges that the City breached this duty by failing to adequately train its officers with respect to prisoner transport, processing of arrestees and exposure to Pepper Spray.  Finally, plaintiff alleges that he suffered damages as a result.  These allegations are sufficient to state a claim upon which relief may be granted.

---

[1] See, e.g., Watson v. City of Hialeah, 552 So. 2d 1146 (Fla. 3d DCA 1989)(finding that employer was on notice of officers' "harmful propensities" because they had a history of abusing their positions and presented significant disciplinary problems).

[2] See Ochoa v. City of Miami, No. 09-22455-CIV, 2010 WL 1882159 (S.D. Fla. May 11, 2010)(noting that Florida legislature has mandated minimum standards for training its police officers, thus creating duty of care.)

The Court must next determine whether sovereign immunity nonetheless bars plaintiff's claim. The State of Florida and its subsidiaries-including municipalities-are generally immune from tort liability. See Fla. Const., Art. X, § 13. However, Florida has waived this immunity to the extent that the state and its agencies are liable for tort claims in the same manner, and to the same extent, as a private individual would be under like circumstances. Fla. Stat. § 768.28(1). This waiver applies only to a state agent's "operational" acts, not "discretionary" acts. Actions which are "discretionary" in nature are protected by the doctrine of sovereign immunity because they involve the "exercise of executive or legislative power such that, for the court to intervene by way of tort law would inappropriately entangle it in fundamental questions of policy and planning". Dep't of Health and Rehab. Servs . v. Yamuni, 529 So. 2d 258, 260 (Fla. 1988).

Thus, the first step is to determine whether the circumstances alleged against the City would subject a private person to liability under Florida law. Lewis, 260 F.3d at 1262-63 (citing Kaisner v. Kolb, 543 So. 2d 732, 734 (Fla.1989)("the question of the applicability of [sovereign] ... immunity does not even arise until it is determined that a defendant otherwise owes a duty of care to the plaintiff and thus would be liable in the absence of such immunity")(internal quotations omitted)). If so, the second step is to determine whether the challenged actions are

"discretionary" (acts which required the exercise of basic governmental discretion) or "operational" (acts involving the implementation of an already established policy). Id. An act is "discretionary" when all of the following conditions have been met:

> (1) the action involves a basic governmental policy, program, or objective; (2) the action is essential to the realization or accomplishment of that policy, program, or objective; (3) the action require[s] the exercise of basic policy evaluation[s], judgment[s], and expertise on the part of the governmental agency involved; and (4) the governmental agency involved possess [es] the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision.

Lewis, 260 F.3d at 1264 (citing Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912, 920 (Fla. 1985)). As noted above, claims based upon "discretionary" actions are barred by the doctrine of sovereign immunity. Thus, plaintiff can only pursue tort claims which involve "operational" governmental acts.

As to the first step, the claim alleges sufficient circumstances against the City which would subject a private person to liability under Florida law. As to the second step, a City's decision regarding how to train its officers and what subject matters to include in the training are clearly exercises of governmental discretion regarding fundamental questions of policy and planning. Lewis, 260 F.3d at 1266. The implementation of the City's police training program, on the other hand, is "operational" and subjects the City to suit. Id.; see also Mercado, 407 F.3d at

1162; <u>Swofford v. Eslinger</u>, 686 F. Supp. 2d 1277, 1290 (M.D. Fla. 2009).

The Amended Complaint asserts that the City failed to "ensure that [its officers] adequately, reasonably and responsibly performed their duties not to expose public to harm or abuse based on improper or faulty methods of multiple prisoner transport and processing of newly arrested persons." (Doc. #16, ¶ 60.) Additionally, plaintiff alleges that the City's police department "failed to implement its policies and procedures for removal of persons exposed to Pepper Spray" (<u>id.</u>, ¶63.) While paragraph 60 may arguably be read as challenging the content of the training program, it appears that the count is intended only as a challenge to the implementation of the City's training program. This is largely consistent with plaintiff's Response (Doc. #29, p. 4), although the reference to "improper or faulty methods" adds unnecessary ambiguity. The Court reads Count IV as a challenge to the implementation of the training program, and not a challenge to the content of the training program itself. To that extent, sovereign immunity is not a bar to this count. To the extent plaintiff intended otherwise, such a claim is dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

1. The City's Motion to Dismiss Counts III & IV of the Complaint (Doc. #8) is **DENIED AS MOOT**.

2. The City's Motion to Dismiss Counts III & IV of the Amended Complaint (Doc. #22) is **GRANTED IN PART AND DENIED IN PART**. Count III is dismissed, without prejudice, and with leave to amend. As to Count IV, the motion is denied to the extent interpreted by the Court above, and is granted to the extent it may be interpreted as a challenge to the content of the training program itself.

3. Plaintiff may file a second amended complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of July, 2011.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record