UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN POLANCO,

          Plaintiff,

vs.                          Case No.  2:10-cv-605-FtM-29DNF

CITY OF MARCO ISLAND, STEPHEN
MARIANI, in his individual capacity,

          Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Stephen Mariani's Dispositive Motion to Dismiss Plaintiff's Amended Complaint (Doc. #19) filed on November 18, 2010. Plaintiff filed a response (Doc. #27) on December 9, 2010. In the Amended Complaint, plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983, with Count I applicable against the City of Marco Island and Count II against Officer Stephen Mariani, in his individual capacity. Officer Mariani seeks dismissal of Count II for failure to state a claim and because he is entitled to qualified immunity.

## I.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 93 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly

suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." <u>James River Ins. Co. v. Ground Down Eng'g, Inc.</u>, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by <u>Twombly</u>. <u>James River Ins. Co.</u>, 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. <u>Id.</u>

## II.

Plaintiff alleges the following material facts in the Amended Complaint: On February 16, 2008, Stephen Mariani (Mariani), an officer employed by the City of Marco Island's police department, arrested Adrian Polanco (plaintiff or Polanco) for disorderly intoxication, resisting an officer with violence, and felony battery. (Doc. #16, ¶6.) Polanco and two other arrestees were handcuffed and placed in the backseat of a police cruiser. (<u>Id.</u>,

¶ 10.)  According to plaintiff, at some point prior to arriving at the booking facility, Mariani stopped the police cruiser, opened the backdoor and proceeded to punch and strike Polanco.  Mariani then contacted his dispatcher and requested backup, claiming that the subjects he was transporting were combative, trying to escape and attempting to kick out the windows in the police cruiser. (Id., ¶¶ 12-13.)  After backup arrived, Officer Mariani deployed pepper spray into the, while all of the doors and windows were shut. (Id., ¶14.)  Plaintiff denies that he was attempting to flee or evade arrest.  He alleges that he was sitting handcuffed and defenseless, along with the other two arrestees, in the backseat of the police cruiser and that Officer Mariani acted maliciously and sadistically and for the purpose of causing harm. (Id., ¶¶ 18, 44-46.)  Finally, plaintiff alleges that he suffered physical and psychological injuries as a result.  (Id., ¶19.)

**III.**

In Count II of the Amended Complaint, plaintiff asserts a claim of excessive force under the Fourth Amendment[1] and the Due Process Clause of the Fourteenth Amendment.  US. Const. amends IV, XIV.  Mariani responds that Count II should be dismissed in its entirety because plaintiff has failed to state a claim for which relief may be granted.

---

[1]The Fourth Amendment applies to the states via the Fourteenth Amendment.  Hardy v. Broward Cnty. Sheriff's Office, 238 F. App'x 435, 440 n.5 (11th Cir. 2007).

A.  **Constitutional Right At Issue**

The Supreme Court has rejected the "notion that all excessive force claims brought under § 1983 are governed by a single generic standard." Graham v. Connor, 490 U.S. 386, 393 (1989).  Rather, "[i]n addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Id. at 394 (citation omitted).  Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government conduct, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing the claims.  Id. at 395.

Graham held that "all" claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen are analyzed under the Fourth Amendment, not under a due process approach.  Id.  "Graham simply requires that if a constitutional claim is covered by a specific constitutional provision, . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." United States v. Lanier, 520 U.S. 259, 272 n.7 (1997).  Thus, due process analysis is not appropriate in a case if plaintiff's claim is "covered by"

the Fourth Amendment.  <u>Cnty. of Sacramento v. Lewis</u>, 523 U.S. 833, 843 (1998).[2]

At first blush, this case appears to be governed by the Fourth Amendment and not the due process clause of the Fourteenth Amendment.  Plaintiff alleges he was arrested by defendant Mariani (Doc. #16, ¶9), handcuffed and placed in the back seat of a police cruiser for transportation to the Marco Island Police Department (<u>id.</u> at ¶10), and eventually turned over to officer Mariani for transportation to the jail (<u>id.</u> at ¶11).  The offending conduct by officer Mariani allegedly took place within minutes of leaving the Marco Island Police Department and while on the way to the booking facility (the jail) (<u>id.</u> at ¶ 12).  The Amended Complaint therefore clearly alleges that plaintiff was seized within the meaning of the Fourth Amendment by virtue of his arrest.  <u>See, e.g.</u>, <u>Vaughan v. Cox</u>, 343 F.3d 1323, 1328 (11th Cir. 2003)(defining seizure as the "intentional acquisition of physical control" by a government actor); <u>McClish v. Nugent</u>, 483 F.3d 1231, 1238 (11th Cir. 2007)("An arrest is quintessentially a seizure of the person, and therefore subject to the Fourth Amendment's reasonableness requirement.")

---

[2]Some due process excessive force claims remain viable after <u>Graham</u>.  For example, an excessive force claim in the context of pre-arrest, non-seizure police contact is analyzed under the Fourteenth Amendment due process standard even after <u>Graham</u>. <u>Wilson v. Northcutt</u>, 987 F.2d 719, 721-22 (11th Cir. 1993); <u>Carr v. Tatangelo</u>, 338 F.3d 1259, 1271 (11th Cir. 2003).

The Eleventh Circuit, however, has analyzed situations similar to the present case under both the Fourth Amendment's objective reasonableness standard and, occasionally, under the Fourteenth Amendment's Due Process Clause.  In <u>Vinyard v. Wilson</u>, 311 F.3d 1340 (11th Cir. 2002), the Court analyzed an excessive force claim during an arrestee's ride to the jail under the Fourth Amendment. In <u>Mercado v. City of Orlando</u>, 407 F.3d 1152, 1154 n.1 (11th Cir. 2005), the Court rejected a Fourteenth Amendment analysis in favor of a Fourth Amendment analysis where a suspect was "in custody" by virtue of being surrounded by officers.  On the other hand, in <u>Cottrell v. Caldwell</u>, 85 F.3d 1480, 1490 (11th Cir. 1996), a suspect was arrested and transported in the backseat of a police car in a position which led to his asphyxiation.  The Eleventh Circuit stated that excessive force claims "involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause . . ." In <u>Hicks v. Moore</u>, 422 F.3d 1246, 1254 n.7 (11th Cir. 2005), the Eleventh Circuit cited <u>Cottrell</u> but acknowledged that the precise point at which a seizure ends for the purposes of the Fourth Amendment and at which pretrial detention begins for purposes of the Fourteenth Amendment is unsettled in the Eleventh Circuit.

The Eleventh Circuit has twice cited <u>Gutierrez v. City of San Antonio</u>, 139 F.3d 441, 452 (5th Cir. 1998) for the correct standard to determine the line between when an arrest ends and pretrial

detention begins.  Reese v. Herbert, 527 F.3d 1253, 1262 n.11 (11th
Cir. 2008); Garrett v. Athens-Clarke County, Ga., 378 F.3d 1274,
1279 n.11 (11th Cir. 2004).  Gutierrez found that the Fourteenth
Amendment analysis does not begin until "after the incidents of
arrest are completed, after the plaintiff has been released from
the arresting officer's custody, and after the plaintiff has been
in detention awaiting trial for a significant period of time"
(quotation and citation omitted).  Under this standard, the facts
alleged in the Amended Complaint establish that only a Fourth
Amendment claim is cognizable in this case.

## B.  Excessive Force - Fourth Amendment

Defendant Mariani contends that plaintiff has failed to state
a claim for excessive force within the meaning of the Fourth
Amendment.  The Court disagrees.

"The Fourth Amendment's freedom from unreasonable searches and
seizures encompasses the plain right to be free from the use of
excessive force in the course of an arrest."  Lee v. Ferraro, 284
F.3d 1188, 1197 (11th Cir. 2002).  To assert a violation of the
Fourth Amendment for the use of excessive force, the plaintiff must
allege that (1) a seizure occurred and (2) the force used to effect
the seizure was unreasonable.  Troupe v. Sarasota Cnty., Fla., 419
F.3d 1160, 1166 (11th Cir. 2005), cert. denied, 547 U.S. 1112
(2006).  The reasonableness inquiry concerns whether the officer's
actions are objectively reasonable in light of the facts and

circumstances confronting him, without regard to his underlying intent or motivation. <u>Graham</u>, 490 U.S. at 396-97; <u>Kesinger v. Herrington</u>, 381 F.3d 1243, 1248 (11th Cir. 2004). This requires a court to evaluate the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, whether the suspect is actively resisting or attempting to flee, the need for the application of force, the extent of the injury inflicted, and whether the force used was reasonably proportionate to the need for the force. <u>Beshers v. Harrison</u>, 495 F.3d 1260, 1266-68 (11th Cir. 2007); <u>Vinyard</u>, 311 F.3d at 1347.

Plaintiff clearly alleges facts to support his claim that he was subjected to a "seizure" and that the force applied was "unreasonable". The Amended Complaint alleges facts showing plaintiff had been seized by his arrest and detention. Additionally, assuming the facts are true, as must be done at this stage of the proceedings, all the factors to be considered by the Court point to a determination that the application of force was objectively unreasonable. Accordingly, Count II properly states a claim upon which relief may be granted as to excessive force under the Fourth Amendment.

## C. Qualified Immunity

Officer Mariani next raises the defense of qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities when acting within

their discretionary authority if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1305 (11th Cir. 2009)(internal citations and quotation omitted). The standard for qualified immunity is well established. First, the government official must show that he was engaged in a "discretionary function" when he committed the allegedly unlawful acts. If the official acted within his or her discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. To do this, plaintiff must show: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the violation. Corey Airport Servs., Inc. v. Decosta, 587 F.3d 1280, 1285 (11th Cir. 2009).

The parties do not dispute that Officer Mariani was engaged in a "discretionary function". (Doc. #27, p. 6.) Therefore, the Court will consider only whether plaintiff has shown that qualified immunity is not appropriate.

Plaintiff must first allege that the officer's conduct violated a constitutional right. Plaintiff alleges a violation of his Fourth Amendment rights based upon excessive force. "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee v. Ferraro, 284 F.3d 1188,

-9-

1197 (11th Cir. 2002). The amount and type of force utilized under the circumstances of the case would clearly support a finding that the force was unreasonable. See Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008)(allowing excessive force claim to proceed when an officer punched in the stomach an arrestee who was handcuffed, did not pose a danger to the officer, and was not resisting arrest); Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir. 2002)(allowing excessive force claim to proceed when an officer slammed arrestee's head onto the hood of a car when she was handcuffed, not posing a threat to the officer, and not posing a flight risk); Hall v. Ala. Dep't of Pub. Safety, 249 F. App'x 749, 751 (11th Cir. 2007)(allowing excessive force claim to proceed when officer sprayed arrestee with mace, after he was already subdued in handcuffs).

Second, plaintiff must show defendant violated clearly established law. The cases cited above establish that the law was clearly established and that no reasonable officer could have believed the force utilized was within the permissible limits of the Fourth Amendment. Therefore, the Court cannot, at this stage of the proceedings, find that qualified immunity bars plaintiff's Fourth Amendment claim.

## D.  Injunctive Relief

Plaintiff seeks injunctive relief to prevent Officer Mariani from engaging in similar civil rights violations. (Doc. #16, p.

11.)  Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury.  City of Los Angeles v. Lyons, 461 U.S. 95, 99 (1983).  Logically, "a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past."  Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994)(citing American Postal Workers Union v. Frank, 968 F.2d 1373, 1376 (1st Cir. 1992)).  In Lyons, the Supreme Court held that a plaintiff who had been subjected to a choke hold by a police officer lacked standing to pursue injunctive relief, where there was no indication that the arrestee might (1) violate the law again and, (2) while being arrested, be subjected to an unconstitutional chokehold.  Lyons, 461 U.S. at 104.

Here, plaintiff has not alleged any facts that would demonstrate that he is likely to violate the law again, such that he would be handcuffed and subjected to punching, striking and pepper spray.  Indeed, defendant "currently resides in El Paso County, Texas."  (Doc. #16, ¶6.)  Therefore, plaintiff's request for injunctive relief  will be stricken.

Accordingly, it is now

**ORDERED**:

Defendant Stephen Mariani's Dispositive Motion to Dismiss Count II of Plaintiff's Amended Complaint (Doc. #19) is **GRANTED** to the extent that the due process portion of the excessive force claim is dismissed with prejudice and the request for injunctive relief is **stricken.**   The motion is otherwise **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of July, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record